UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STERLING COMMERCIAL
CREDIT, LLC,

        Plaintiff,

v.

COMPLIANCE
ENVIROSYSTEMS, LLC,

        Defendant.
_____/

Case No. 2:23-cv-12775

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING MOTION TO DISMISS [4]**

    Plaintiff Sterling Commercial Credit sued Defendant Compliance Envirosystems to collect an account receivable and for unjust enrichment. ECF 1. Defendant moved to dismiss for lack of personal jurisdiction. ECF 4. The parties fully briefed the motion, and the Court held a hearing. ECF 5, 6, 7. For the reasons below, the Court will grant the motion.

**BACKGROUND**

    Plaintiff, a Michigan entity, contracted with non-party United Resource, LLC, ("United") another Michigan entity, and provided funding in exchange for United's account receivables. ECF 1, PgID 11. Defendant, a Louisiana entity that works with sewer and storm drain systems in Louisiana, purchased vacuum trucks and operators from United. ECF 4, PgID 50, 69. Defendant does not conduct any business in Michigan. *Id.*

1

After Plaintiff purchased United's accounts, Plaintiff sent Defendant notice in June 2021 that its account was assigned to Plaintiff with instructions to remit payment to Plaintiff. ECF 5, PgID 97−98. Defendant again hired United in September 2021. *Id.* at 98. In November 2021, Plaintiff sent Defendant a second notice that its account was assigned to Plaintiff. *Id.* In July 2023, Plaintiff reached out to Defendant to inquire about payment status, and Defendant informed Plaintiff that it paid United directly in December 2021. *Id.* Plaintiff sued to collect on the account, ECF 1, and Defendant moved to dismiss, ECF 4.

## LEGAL STANDARD

In determining whether the Court may exercise personal jurisdiction over a defendant, the Court will apply the law of the State in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 502 (6th Cir. 2020). Michigan law extends the Court's personal jurisdiction power "to the limits imposed by federal constitutional due process requirements." *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 889 (6th Cir. 2017); *see also* Mich. Comp. Laws § 600.705. Federal due process requires that a defendant have "sufficient minimum contacts" with the forum State in which it is sued so that maintenance of the suit in the forum State is "reasonable, in the context of our federal system of government, and does not offend traditional notions of fair play and substantial justice." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310 (1945)) (quotation marks and quotation omitted). "In giving content to that

formulation, the Court has long focused on the nature and extent of the defendant's relationship to the forum State." *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1779 (2017)). Courts thus recognize "two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction." *Id.* (cleaned up).

General jurisdiction extends to "any and all claims brought against a defendant." *Id.* (cleaned up). But courts "may exercise general jurisdiction only when a defendant is essentially at home in the State." *Id.* An individual is "at home" in the State of his or her domicile. *Id.* A corporation is "at home" in the State of its principal place of business and its place of incorporation. *Id.*

Absent general jurisdiction, a court may nevertheless adjudicate a lawsuit if the court has specific jurisdiction over a defendant. *See Int'l Shoe*, 326 U.S. 310. Specific jurisdiction, however, first requires "purposeful availment." *Ford,* 141 S. Ct. at 1024 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Purposeful availment exists when a defendant takes "some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* (quotation marks and quotation omitted). "The contacts must be the defendant's own choice and not random, isolated, or fortuitous." *Id.* at 1025 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984)) (quotation marks omitted). The contacts "must show that the defendant deliberately reached out beyond its home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Id.* (cleaned up). The Court must also consider whether Plaintiff's claims "arise out of

3

or relate to the defendant's contacts with the forum." *Id.* (cleaned up). Only when a company "exercises the privilege of conducting activities within a [S]tate" may the State "hold the company to account for *related* misconduct." *Id.* (cleaned up) (emphasis added). Last, the doctrine "provides defendants with fair warning—knowledge that a particular activity may subject it to the jurisdiction of a foreign sovereign. A defendant can thus structure its primary conduct to lessen or avoid exposure to a given State's courts." *Id.* (cleaned up).

## DISCUSSION

As a preliminary matter, the Court cannot exercise general jurisdiction over Defendant because Defendant is not incorporated in Michigan and does not have its principal place of business in Michigan. ECF 4, PgID 56; *see Ford,* 141 S. Ct. at 1024. The Court will therefore limit its analysis to the issue of specific jurisdiction. To determine whether it has specific jurisdiction over Defendant, the Court must examine the three requirements for specific jurisdiction set forth above—purposeful availment, relatedness, and foreseeability—as they relate to each of Defendant's contacts with Michigan. *See Ford,* 141 S. Ct. at 1024−25. Defendant's contacts with Michigan must satisfy *all three* requirements before the Court may exercise specific jurisdiction. *See id.*

Plaintiff's claims concern two contracts: Plaintiff's contract with United and Defendant's contract with United. *See generally* ECF 1. Specific jurisdiction analysis for a contract claim requires the Court to consider whether the contractual relationship was *centered* in the forum State. *See Ford,* 141 S. Ct. at 1024 (noting that

4

a contractual relationship is sufficient for the exercise of specific jurisdiction if it is *centered* in that State). In evaluating whether a contract is centered in a State "[i]t is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Burger King*, 471 U.S. at 470; *see also Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000) (explaining that "the parties' actions in the negotiation and performance of the agreement are more important factors" in evaluating personal jurisdiction in breach of contract actions).

First, Defendant's contract with United was centered in Louisiana. The contract was performed in Louisiana. ECF 4, PgID 51. And the parties' few in-person meetings took place in Louisiana. ECF 4-2, PgID 70. All other communications took place over the phone or by email. *Id.* The parties' contract contained a forum selection provision that designated Louisiana as the forum in the event of a dispute. *Id.* at 76. Taken together, the facts indicate the contract was centered in Louisiana. *See Burger King*, 471 U.S. at 470 (explaining that the court considers "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" in determining where the contract is centered). The contract therefore does not give rise to Michigan's personal jurisdiction because the contract was not centered in Michigan. *See id; see also Ford,* 141 S. Ct. at 1024 (noting that a contractual relationship is sufficient for the exercise of specific jurisdiction if it is *centered* in that State).

5

Second, although Plaintiff's contract with United is likely centered in Michigan, Defendant was not a party to that contract and did not purposefully avail itself of the law of Michigan in its contacts with Plaintiff. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quotation marks omitted). Defendant did not purposefully engage Plaintiff, and Defendant did not consent to Plaintiff's involvement in its dealings with United. Defendant's only affiliation with Plaintiff results from United's contract with Plaintiff, to which Defendant was not a party. Simply put, Defendant's relationship with Plaintiff was fortuitous. And Defendant conducts no business in Michigan. ECF 4, PgID 50, 69. Defendant did not therefore purposefully avail itself to Michigan.

Plaintiff nevertheless argued that the Court has jurisdiction because Defendant paid United, a Michigan entity, when it was allegedly obligated to pay Plaintiff, another Michigan entity. *See* ECF 5, PgID 102, 107–08. But "the fact that the defendant was required to send payments to Michigan is of no jurisdictional consequence." *Wizie.com, LLC v. Borokhin*, 2:14–cv–10391, 2014 WL 2743375, at *4 (E.D. Mich. 2014); *see also Browning Enter., Inc. v. Rex Iron & Mach. Products Co., Inc.*, 504 F. Supp. 2d 1217, 1224 (N.D. Ala. 2007) ("[T]he sending of payments to the forum is not a jurisdictionally significant contact."). Defendant's contact with Plaintiff is thus insufficient for the exercise of personal jurisdiction.

Third, Defendant's only purposeful contact with Michigan was its contact with United, a Michigan entity. Notwithstanding the fact that the parties' contract was not centered in Michigan, Defendant's relationship with United, standing alone, is an insufficient basis for jurisdiction. *See Walden,* 571 U.S. at 286 (noting that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction").

Last, exercising jurisdiction over Defendant is unreasonable because Plaintiff could not foresee that its contract with United would hale it into Michigan court. The doctrine of purposeful availment is intended to provide defendants with fair warning that a particular activity may subject it to the jurisdiction of a foreign sovereign so that the party may structure its primary conduct to reduce exposure to a given State's courts. *Ford,* 141 S. Ct. at 1025; *see also Mahasco*, 401 F.2d at 381 ("[T]he acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."). Defendant's contract with United contained a forum selection clause that provided Louisiana as the exclusive forum wherein to resolve disputes. It therefore was unforeseeable that Defendant would be brought to Michigan court because of its business with United.

The Court will dismiss the case because it does not have personal jurisdiction over Defendant.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

This is a final order that closes the case.

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 4, 2024